

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

Mary Marks

*Plaintiff*

v.

CASE NUMBER: 1:23CV00462 LY

JPMorgan Chase & Co.
Synchrony d/b/a Gap
Trans Union, LLC
Equifax Information Services, LLC
Experian Information Solution, LLC

*Defendant(s)*

**DEMAND FOR TRIAL BY JURY**

Plaintiff MARY MARKS as and for her Complaint respectfully alleges:

### INTRODUCTION

1. This is a civil action for actual and statutory damages, litigation costs and fees for violations of Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

### VENUE

3. Defendants transact business is this judicial district.
4. A substantial part of the events or omissions giving rise to this claim occurred in this judicial district.
5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).
6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

1

## PARTIES

7. Plaintiff Mary Marks is a natural person and a "consumer" as defined in 15 U.S.C. § 1681a (b) and (c).
8. Defendant JPMorgan Chase & Co. is a national banking association doing business as ("Chase") and maintains its principal place of business at 201 N Walnut Street, Wilmington, Delaware 19801.
9. Defendant Synchrony has its principal place of business located at 950 Forrer Blvd, Kettering, Ohio 45420.
10. Defendant Trans Union, LLC ("Trans Union") is an Illinois limited liability corporation whose principal place of business is located at 555 West Adams, Chicago, IL 60601 registered to do business with Texas Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.
11. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company whose principal place of business is located at 1550 Peachtree Street NW Atlanta, GA 30309 registered to do business with Texas Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.
12. Experian Information Solutions, Inc.("Experian") is an Ohio corporation whose principal place of business is located at 1550 Peachtree Street NW Atlanta, GA 30309 registered to do business with Texas Secretary of State. Experian is a "consumer reporting agency" within the meaning of the FCRA.
13. Defendants are "furnishers of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 et seq.

## FACTS

14. On or about February 22, 2022, Plaintiff applied for and was denied a residential mortgage loan and, thereafter, obtained a copy of her consumer report, also known as a credit report, and discovered incomplete and inaccurate and false information furnished by Defendants.

15. On her credit report, Plaintiff noticed a trade line from Defendant Chase with account number 426684XXXXXX
16. On her credit report, Plaintiff noticed fifteen trade lines from non-defendant MOHELA/DEPT OF ED with account number(s) 554937XXXXXXXXXXX.
17. On her credit report, Plaintiff noticed a trade line from Defendant Synchrony with account number 601859XXXXXX
18. On her credit report, Plaintiff noticed a trade line from non-defendant OKLAHOMA BAPTIST UNIV.
19. On or about March 2, 2023, Plaintiff mailed a dispute letter to Trans Union LLC ("TransUnion"), Equifax Information Services LLC ("Equifax") and Experian Information Solutions, LLC ("Experian") to dispute the accuracy and completeness of the information furnished by Defendants. Plaintiff has disputed every month until the filing of this action.
20. Receipt of Plaintiff's dispute letter triggered the CRA's duty under 15 U.S.C. § 1681i(a)(2).
21. The trade line information furnished by all Defendants to consumer reporting agencies on Plaintiff's credit report is false, inaccurate and unverifiable.
22. Plaintiff disputed the accounts as a Billing Error Pursuant to 15 U.S.C. §1666(b).
23. On or about April 10, 2023, Plaintiff received re-investigation results from Trans Union, Equifax and Experian where Defendants verified the false information and failed to notate that the trade line information was being disputed.
24. Upon information and belief, Trans Union, Equifax and Experian sent a dispute communicating to Defendants providing all relevant disputed information.
25. As a result of the actions and inactions of defendant Plaintiff suffered damages, including but not limited to, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

## FIRST CLAIM FOR RELIEF 15 U.S.C. § 1681s-2(b)(1)(A)

### (Chase)

26. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 25 above.
27. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to notate the trade line information as disputed after contact and notice by the Consumer Reporting Agencies.
28. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
29. Defendant's conduct was negligent and/or willful.
30. Plaintiff is entitled to actual damages, punitive damages, and litigation costs pursuant to 15 U.S.C. § 1681n.
31. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF 15 U.S.C. § 1681s-2(b)(1)(B)

### (Chase)

32. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 31 above.
33. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agencies, including Equifax, Experian and TransUnion and to notate the disputed information as disputed.
31. Defendants caused injury in fact to Plaintiff, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
32. Defendant's conduct was negligent and/or willful.

33. Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant to 15 U.S.C. § 1681n.
34. Alternatively, Plaintiff is entitled to recover actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

### THIRD CLAIM FOR RELIEF 15 U.S.C. § 1681s-2(b)(1)(C)

### (Synchrony)

35. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 34 above.
36. Defendants violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the notation of the disputed information to national consumer reporting agencies.
37. Defendants caused injury in fact to Plaintiff, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
38. Defendant's conduct was negligent and/or willful.
39. Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant to 15 U.S.C. § 1681n.
40. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

### FOURTH CLAIM FOR RELIEF 15 U.S.C. § 1681s-2(b)(1)(D)

### (Synchrony)

41. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 40 above.
42. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report to consumer reporting agencies that the trade line information was being disputed by Plaintiff.

43. Defendant's conduct caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.
44. Defendant's conduct was negligent and/or willful.
45. Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant to 15 U.S.C. § 1681n.
46. Alternatively, Plaintiff is entitled to recover actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## FIFTH CLAIM FOR RELIEF

### Violation of the FCRA as to Trans Union, Equifax and Experian

47. Plaintiff re-alleges and incorporates paragraphs above as if fully set forth herein.
48. Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.
49. As a result of this conduct, action and inaction of Trans Union, Equifax and Experian Plaintiff suffered a diminished credit score, loss of her personal time, and emotional distress.
50. Plaintiff's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.
51. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.
52. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SIXTH CLAIM FOR RELIEF

### Violation of the FCRA as to Trans Union, Equifax and Experian

53. Plaintiff re-alleges and incorporates paragraphs above as if fully set forth herein.

54. Defendants violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

55. As a result of this conduct, action and inaction of Trans Union, Equifax and Experian Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a reduced credit score.

### JURY DEMAND AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and entry of judgment in favor of Plaintiff and against Defendant for:

A. Statutory and Actual damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

B. Costs and expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

C. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Mary Marks*
**Mary Marks Plaintiff** *pro se*
11811 Argonne Forest TRL Unit B
Austin Tx 78759
MarksMary39@gmail.com

**PRIORITY MAIL**
**LEGAL FLAT RATE ENVELOPE**
**POSTAGE REQUIRED**

PRESS FIRMLY TO SEAL

FROM:
Mary Marks
11811 Argonne Forest Trl Unit B
Austin TX 78759

TO:
District Clerk
501 W. 5th St. #1100
Austin TX 78701

1:23CV00462

**PRIORITY MAIL**

UNITED STATES POSTAL SERVICE — Retail

US POSTAGE PAID
$9.95
Origin: 77002
04/19/23
4801800010-21

PRIORITY MAIL®
0 Lb 4.20 Oz
RDC 04
C006

EXPECTED DELIVERY DAY: 04/21/23

SHIP TO:
501 W 5TH ST
STE 1100
AUSTIN TX 78701-3812

USPS TRACKING #
9505 5110 0585 3109 8570 25

PS00000