# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARY MARKS,<br>*Plaintiff* | § § § | |
| v. | § § | Case No. 1:23-CV-00462-ADA |
| JPMORGAN CHASE & CO.,<br>SYNCHRONY, TRANS UNION, LLC,<br>EQUIFAX INFORMATION<br>SERVICES, LLC, EXPERIAN<br>INFORMATION SOLUTIONS, INC.,<br>*Defendants* | § § § § § § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:**   THE HONORABLE ALAN D. ALBRIGHT
       UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Equifax Information Services, LLC's Motion for More Definitive Statement, Dkt. 20. After reviewing this filing and the relevant case law, the undersigned recommends that Equifax's motion be granted.

### I.   BACKGROUND

In early 2022, Plaintiff Mary Marks was denied a residential mortgage loan. Dkt. 1, at 2.[1] She subsequently obtained a copy of her consumer report, referred to

---

[1] Given the procedural posture of this dispute, the undersigned accepts all of Marks's well-pleaded facts as true. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009) ("In

colloquially as a "credit report," and alleges that she discovered inaccurate information furnished by Defendants. *Id.* Specifically, Marks alleges the following inaccuracies:

- "[F]ifteen trade lines from non-defendant MOHELA/DEPT OF ED with account number(s) 554937XXXXXXXXXX."
- "[A] trade line from Defendant Synchrony with account number 601859XXXXXX."
- "[A] trade line from non-defendant OKLAHOMA BAPTIST UNIV."

*Id.*

In March 2023, Marks mailed a dispute letter to Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, LLC to dispute the accuracy of her consumer report. *Id.* In April, Marks received re-investigation results from Defendants that verified the allegedly false information and "failed to notate that the trade line information was being disputed." *Id.* Marks then filed this action, alleging claims under 15 U.S.C. § 1681 and the Fair Credit Reporting Act ("FCRA"). *Id.* at 4-7. Marks seeks damages for "mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate." *Id.* at 3.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

---

ruling on a motion to dismiss, a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotation marks omitted).

Fed. R. Civ. P. 12(e). "[U]nder the liberal 'notice pleading' requirement of Rule 8, 'a motion for a more definitive statement is generally disfavored, and is used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail.'" *Philip Morris USA, Inc. v. Lee*, 481 F. Supp. 2d 742, 751 (W.D. Tex. 2006) (quoting *Frazier v. Se. Penn. Transp. Auth.*, 868 F. Supp. 757, 763 (E.D. Pa. 1994)).

### III. ANALYSIS

The undersigned finds that Marks's pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," Fed. R. Civ. P. 12(e), and therefore recommends granting Equifax's motion. Marks fails to allege any facts supporting her claim that Equifax is reporting incomplete or inaccurate information to her credit file, or how any of her eighteen tradelines are allegedly incomplete and inaccurate. Nor does Marks explain how Equifax allegedly failed to follow reasonable procedures that resulted in the reporting of any inaccurate information, or how Equifax "fail[ed] to establish or to follow reasonable procedures to assure maximum possible accuracy." Dkt. 1, at 6. Accordingly, Equifax is not on notice of Marks's claims, and a Rule 12(e) motion is proper. *See Smith v. Fed. Nat'l Mortg. Ass'n*, No. 3:11-CV-931-P, 2012 WL 13026816, at *5 (N.D. Tex. Feb. 29, 2012) (granting a motion to provide a more definitive statement under 12(e) where a plaintiff's complaint was "ambiguous and contain[ed] insufficient information regarding his claims").

3

## IV.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Equifax's Motion for a More Definitive Statement, Dkt. 20, be **GRANTED**.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 26, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

4