# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MARY MARKS,** *Plaintiff* | § § § | |
| **v.** | § § | **Case No.  1:23-CV-00462-ADA** |
| **JPMORGAN CHASE & CO., SYNCHRONY,  TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC,  EXPERIAN INFORMATION SOLUTIONS, INC.,** *Defendants* | § § § § § § § § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ALAN D. ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Defendants Experian Information Solutions, Inc. and Trans Union, LLC's (collectively, "Defendants") Motion for Judgment on the Pleadings, Dkt. 25. After reviewing this filing and the relevant caselaw, the undersigned recommends granting Defendants' motion.

## I.   BACKGROUND

In early 2022, Plaintiff Mary Marks was denied a residential mortgage loan. Dkt. 1, at 2.[1] She subsequently obtained a copy of her consumer report, referred to colloquially as a "credit report," and alleges that she discovered inaccurate information furnished by Defendants. *Id.* Specifically, Marks alleges the following inaccuracies:

- "[F]ifteen trade lines from non-defendant MOHELA/DEPT OF ED with account number(s) 554937XXXXXXXXXX."

- "[A] trade line from Defendant Synchrony with account number 601859XXXXXX."

- "[A] trade line from non-defendant OKLAHOMA BAPTIST UNIV."

*Id.*

In March 2023, Marks mailed a dispute letter to Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, LLC to dispute the accuracy of her consumer report. *Id.* In April, Marks received re-investigation results from Defendants that verified the allegedly false information and "failed to notate that the trade line information was being disputed." *Id.* Marks then filed this action, alleging claims under 15 U.S.C. § 1681 and the Fair Credit Reporting Act ("FCRA").

---

[1] Given the procedural posture of this dispute, the undersigned accepts all of Marks's well-pleaded facts as true. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009) ("In ruling on a motion to dismiss, a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotation marks omitted).

*Id.* at 4-7. Marks seeks damages for "mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate." *Id.* at 3.

## II.    LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010); *Guidry v. Am. Public Life Ins., Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.   ANALYSIS

Marks asserts two claims relevant to Defendants. First, Marks argues that Defendants violated 15 U.S.C. § 1681e(b), which provides that "A person may not procure a consumer report for the purposes of reselling the report … unless the person discloses to the consumer reporting agency that originally furnishes the report—(A) the identity of the end-user of the report (or information); and (B) each permissible purpose under section 1681b of this title for which the report is furnished to the end-user of the report (or information)." This Court has interpreted that language as

having four requirements: "To plausibly allege a violation of section 1681e(b) Plaintiff must plead sufficient facts to show (1) Plaintiff's consumer report contained inaccurate information; (2) the inaccuracy was due to [defendant's] failure to follow reasonable procedures to assure maximum possible accuracy; (3) Plaintiff suffered a cognizable injury; and (4) causation linking [defendant's] failure to Plaintiff's injury." *Potter v. GreenSky, LLC*, No. 5:19-CV-00581-JKP, 2019 WL 5295494, at *2 (W.D. Tex. Oct. 18, 2019).

Marks does not satisfy this rigorous standard. For one, Marks does not explain what is wrong with the information in her consumer report. *See Saunders v. Equifax Info. Services LLC*, No. 16-CV-00525-LY, 2017 WL 3940942, at *4 (W.D. Tex. Aug. 3, 2017), aff'd sub nom. *Ostiguy v. Equifax Info. Services, L.L.C.*, 738 F. App'x 281 (5th Cir. 2018) ("A credit entry may be inaccurate within the meaning of the Act either because the entry is patently incorrect or because the entry is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."). Nor does Marks allege what procedures Defendants follow to assure accuracy, or how those procedures were deficient. In short, Marks has failed to plead a plausible violation of 15 U.S.C. § 1681e(b), so a judgment on the pleadings in favor of Defendants is proper.

Marks has likewise not met her burden to plead a plausible claim under 15 U.S.C. § 1681i, which provides the appropriate procedure in case of a disputed inaccuracy. This Court has held that there are six requirements to adequately plead a violation of section 1681i: "Plaintiff must plead sufficient facts to show (1) her

consumer credit report contained inaccurate information; (2) she disputed the accuracy of information on her credit file directly with [the defendant]; (3) [defendant] did not reinvestigate free of charge and either record the current status of the disputed information or delete the item from the file; (4) [defendant's] noncompliance was negligent or willful; (5) Plaintiff suffered injury; and (6) the injury was caused by [defendant's] failure to investigate." *Potter*, 2019 WL 5295494, at *2. Again, Marks's complaint fails to satisfy these requirements. Marks does not explain how her credit information was incorrect, why Defendants' investigation was inadequate, or whether Defendants' conduct was willful. Accordingly, Defendants are entitled to a judgment on the pleadings.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendants' Motion for Judgment on the Pleadings, Dkt. 25, be **GRANTED**.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the

Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 1, 2024.


DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE