# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MARY MARKS,<br>*Plaintiff*<br><br>v.<br><br>JPMORGAN CHASE & CO.,<br>SYNCHRONY, TRANS UNION, LLC,<br>EQUIFAX INFORMATION<br>SERVICES, LLC, EXPERIAN<br>INFORMATION SOLUTIONS, INC.,<br>*Defendants* | Case No. 1:23-cv-00462-ADA |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:**   THE HONORABLE ALAN D. ALBRIGHT
          UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Synchrony Bank's Motion for Judgment on the Pleadings, Dkt. 37. After reviewing this filing and the relevant case law, the undersigned recommends granting Synchrony's motion.

### I.   BACKGROUND

In early 2022, Plaintiff Mary Marks was denied a residential mortgage loan. Dkt. 1, at 2.[1] She subsequently obtained a copy of her consumer report, referred to

---

[1] Given the procedural posture of this dispute, the undersigned accepts all of Marks's well-pleaded facts as true. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009) ("In

colloquially as a "credit report," and alleges that she discovered inaccurate information furnished by Defendants. *Id.* Specifically, Marks alleges the following inaccuracies:

- "[F]ifteen trade lines from non-defendant MOHELA/DEPT OF ED with account number(s) 554937XXXXXXXXXX."
- "[A] trade line from Defendant Synchrony with account number 601859XXXXXX."
- "[A] trade line from non-defendant OKLAHOMA BAPTIST UNIV."

*Id.*

In March 2023, Marks mailed a dispute letter to Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, LLC to dispute the accuracy of her consumer report. *Id.* In April, Marks received re-investigation results from Defendants that verified the allegedly false information and "failed to notate that the trade line information was being disputed." *Id.* Marks then filed this action, alleging claims under 15 U.S.C. § 1681 and the Fair Credit Reporting Act ("FCRA"). *Id.* at 4-7. Marks seeks damages for "mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate." *Id.* at 3.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough to not delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings

---

ruling on a motion to dismiss, a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotation marks omitted).

permits a court to dispose of a case at any time before trial "where the material facts are not in dispute and judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noted facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 2010).

"Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.   ANALYSIS

"[I]n order to maintain a private right of action against the Defendant[] under § 1681s-2(b), Plaintiffs must demonstrate that: (1) they notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified the Defendants of the dispute; (3) the Defendants failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation." *Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at *15 (W.D. Tex. Aug. 23, 2010), report and recommendation adopted,

No. A-09-CV-881-LY, 2010 WL 11652114 (W.D. Tex. Sept. 20, 2010) (emphasis omitted).

Marks has failed to adequately plead her claims. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."). Marks did not allege what is inaccurate on her report or what inaccuracy existed in the information provided by Synchrony to the credit reporting agencies. Nor has Marks alleged anything regarding Synchrony's investigation or any related issues. Accordingly, Synchrony is not on notice of what Marks believes is inaccurate, nor of any perceived defects in Synchrony's investigation. That is not enough to satisfy even the liberal standard of notice pleading under Federal Rule of Civil Procedure 8.

Other courts have found similar complaints to be inadequate. *See, e.g.*, *Reeves v. Nelnet Loan Services*, No. 4:17-CV-3726, 2018 WL 2200112, at *5 (S.D. Tex. May 14, 2018) (granting motion to dismiss where "Plaintiff ha[d] alleged no facts regarding the basis for her disagreement with Defendants' reporting or facts that would support a reasonable inference that she has correctly identified inaccuracies or misleading entries in Defendants' reporting"); *Kaestner v. Diversified Consultants, Inc.*, No. 4:17-CV-2607 CAS, 2018 WL 465786, at *4 (E.D. Mo. Jan. 17, 2018) (granting motion to dismiss where "Plaintiff's petition fail[ed] to allege facts necessary to support its FCRA claim, as it d[id] not identify the account(s) at issue and d[id] not allege how the information DCI reported back to any of the CRAs was incorrect, incomplete, or

inaccurate, or allege in what manner DCI failed to investigate, reinvestigate, or report.").

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Synchrony's Motion for Judgment on the Pleadings, Dkt. 37, be **GRANTED**. **IT IS FURTHER ORDERED** that this case be removed from the undersigned's docket and returned to the docket of the Honorable Alan D. Albright.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 2, 2024.

                                              DUSTIN M. HOWELL
                                              UNITED STATES MAGISTRATE JUDGE